**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                              Plaintiff,

-vs-                                      DECISION and ORDER

208 BURBERRY HANDBAGS, et al.,              12-CV-6015-CJS

                              Defendant,

BRIGHTON TRADING, INC.,

                              Claimant.

---

**APPEARANCES**

For Plaintiff:                    Mary C. Kane, A.U.S.A.
                                  United States Attorney's Office
                                  Federal Centre
                                  138 Delaware Avenue
                                  Buffalo, NY 14202

For Claimant:                  John Peter Bostany, Esq.
                                  Bostany Law Firm
                                  40 Wall Street, 61st Floor
                                  New York, NY 10005

**INTRODUCTION**

      **Siragusa, J.** This is an action *in rem* for forfeiture pursuant to 18 U.S.C. §§ 2323(a)(1)(A) and (a)(1)(B). Before the Court is a motion to dismiss the Government's forfeiture complaint brought by Claimant Brighton Trading, Inc. ("Brighton Trading" or "the claimant") pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 11, and the Government's motion to strike Brighton Trading's claim pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

("Supplemental Rules"), ECF. No. 19. For the reasons stated below, both motions are denied.

## BACKGROUND

Based upon a joint investigation conducted by U.S. Immigration and Customs Enforcement and the New York State Police, the Government has alleged that Fan Zhang ("Zhang") and her family members were involved in the sale and distribution of large quantities of counterfeit merchandise. Verified Complaint for Forfeiture ("Compl.") ¶ 6, ECF No. 1; *see also* Mem. of Law in Supp. of Mot. to Strike Claim at 2, ECF No. 20. The investigation included: (1) New York State and federal wire communication intercept Orders for Zhang's cellular telephone, (2) law enforcement agents and a confidential informant ("CI") making undercover purchases of counterfeit purses, (3) physical surveillance, and (4) border searches of containers imported by Zhang's suppliers. Compl.¶ 7.

As a result of the investigation, it was determined that unmarked merchandise was imported into the United States from China. Once imported, the merchandise was stored in a warehouse at Brighton Trading, located in Secaucus, New Jersey. It was later transferred to the store front of a business known as J&J Space, also known as D&K America, Inc. ("D&K"), located in New York, New York. Bing H. Huang is the owner of both D&K and Brighton Trading. Compl. ¶¶ 8–11.

Zhang, along with her husband, Deno Delregno ("Delregno") purchased the imported merchandise from D&K in New York City and transported it to their residence in Rochester, New York. Once there, Zhang and her family would allegedly affix

"counterfeit tags and labels to previously unmarked merchandise in order to create a counterfeit product." Compl. ¶ 8.

Surveillance at D&K revealed that Zhang and Delregno entered the store on several occasions. Agents also observed a number of garbage bags from the store being placed in their vehicle, which were then observed being removed from the vehicle and placed inside their residence upon their return to Rochester, New York. "Furthermore, while conducting surveillance at D&K on at least two (2) occasions, agents observed a van registered to Brighton Trading, Inc. and with the name Brighton Trading, Inc. . . . printed on the side of the van, arrive at the D&K store." Mem. of Law in Supp. of Mot. to Strike Claim at 3; Compl. ¶¶ 15–18. On one such occasion, the van was followed from D&K to the Brighton Trading warehouse in Secaucus, New Jersey. Compl. ¶ 19.

Furthermore, a CI made three undercover purchases from D&K during August 2010. Compl. ¶¶ 24–27. The CI purchased a total of sixty-two purses. With each purchase, the CI received a bag of purses along with a smaller bag that contained brand name tags. Inside the store, the CI observed generic purses, without brand name tags, displayed. "The CI explained that after a customer picked out a purse[] to purchase, employees working inside D&K would tell the customer the brand name that the purse will be converted into." Compl. ¶ 25.

Finally a container consigned to D&K was inspected by U.S. Customs and Border Protection ("CBP"). The purses and tags in the container were "confusingly similar" to Dolce & Gabbana merchandise. Compl. ¶ 22. In connection with the investigation, the merchandise was allowed to be imported into the United States. Subsequently, a D&K

representative picked up the shipment and transported it to the Brighton Trading warehouse in Secaucus, New Jersey. Compl. ¶ 23.

On September 29, 2010, search warrants were executed at D&K in New York, New York, and Brighton Trading in Secaucus, New Jersey, as well as at Zhang's and Delregno's residence in Rochester, New York, resulting in the seizure of large quantities of counterfeit and generic merchandise. Compl. ¶¶ 29–31 (listing the items seized). Additionally, on September 29, 2010, Zhang, Delregno and other family members were charged with conspiracy to defraud the United States pursuant to 18 U.S.C. § 371 and trafficking in counterfeit goods pursuant to 18 U.S.C. § 2320. A Federal grand jury indicted them on those charges on April 3, 2012. *See* Mem. of Law in Supp. of Mot. to Strike Claim at 6 (providing details of the criminal charges and indictment, including those who were charged and indicted). Bing H. Huang is the target of a pending criminal investigation in the Western District of New York. Compl. ¶ 33.

By letter dated January 21, 2011, Brighton Trading filed an administrative petition for relief with CBP. C.J. Erickson, Esq., letter to Rachael Yong Yow, Jan. 21, 2011, at 1–5, ECF No. 12-2. Thereafter, in a letter dated January 28, 2011, Edward P. Nagle ("Nagle"), Director, Office of Fines, Penalties, and Forfeitures for U.S. Customs and Border Protection, informed C.J. Erickson, attorney for Brighton Trading, that, "case 2010-4601-001015-01 against Brighton Trading Inc., has been accepted by the United States Attorney's Office, Western District of New York, for judicial forfeiture proceedings." ECF No. 12-2 at 18. The letter was copied to Brighton Trading, but not the U.S. Attorney for the Western District of New York. Pl's Supplemental Mem. of Law at 14, Sept. 14, 2012, ECF No. 28.

On May 3, 2011, the petition for remission package was returned to Assistant United States Attorney Mary Clare Kane ("Kane"), by Tim Virtue ("Virtue"), Deputy Chief, Asset Forfeiture and Money Laundering Section ("AFMLS"). An included notice indicated that the package was incomplete because there was no civil or judicial order of forfeiture or administrative declaration of forfeiture. Kane Aff. Ex. D, ECF No. 17-4.

On January 9, 2012, the Government filed its Verified Complaint for Forfeiture, ECF No. 1, and the Court issued an arrest warrant *in rem*. *See* Arrest Warrant In Rem, *United States v. 208 Burberry Handbags*, No. 12-CV-6015-CJS (W.D.N.Y. Mar. 5, 2012), ECF No. 9. On January 11, 2012, "Direct Notice of Forfeiture Action was mailed via regular and certified mail to Brighton Trading, Inc, Bing H. Huang, C.J. Erickson, Esq., and John P. Bostany, Esq." Kane Aff. in Supp't of Gov't's Mot. to Strike Claim ¶ 4, Jun. 1, 2012, ECF No. 19. "Notice of this action was [also] published on an official internet government site ([www.forfeiture.gov](www.forfeiture.gov)) for 30 consecutive days[,]" beginning January 12, 2012, and ending February 10, 2012. *Id*. ¶ 5.

On February 9, 2012, Brighton Trading filed a claim pursuant to Supplemental Rule G(5), in which it represented that "Claimant is the owner of the above listed property." Seized Asset Claim Form, Request for Forfeiture Proceedings in Federal Court, Jan. 31, 2012, ECF No. 4. Thereafter, on April 23, 2012, Brighton Trading filed a Motion to Dismiss the Government's complaint for forfeiture pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, ECF No. 11, and on June 1, 2012, the Government filed a Motion to Strike Claim, ECF No. 19. Both motions are presently before the Court. Following oral argument, the Court directed both sides to submit supplemental briefing on the question of the effect, if any, of the Nagle letter. Both sides

having done so, and the Court having considered all the papers filed, now renders this decision.

## STANDARD OF LAW

*Motion to Strike a Claim*

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"),

In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

18 U.S.C. § 983(a)(4)(a) (2009). In order to assert a claim against civil forfeiture, a claimant must demonstrate both Article III constitutional standing and CAFRA statutory standing. *See United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) ("In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in a federal court."); *United States v. Assets Described in Attachment A to the Verified Complaint Forfeiture in Rem*, 799 F. Supp. 2d 1319, 1326 (M.D. Fla. 2011) (citing *United States v. $38,000.000 in United States Currency*, 816 F.2d 1538, 1543, 1545 (11th Cir. 1987).

To establish Article III standing, "a claimant must demonstrate a legally cognizable interest in the defendant property." *United States v. Vehicle 2007 Mack 600 Dump Truck, VIN 1m2k189c77m036428*, 680 F. Supp. 2d 816, 822-23 (E.D. Mich. 2010) (citing *United States v. One 2001 Cadillac Deville Sedan,* 335 F. Supp. 2d 769, 772 (E.D. Mich. 2004)

(internal quotations omitted). To establish statutory standing, a claimant must comply with the requirements of 18 U.S.C. 983(a)(4)(A) and Supplemental Rules G(5) and G(6). *United States v. $39,557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d 335, 338 (D.N.J. 2010). The claimant has the burden of proof in establishing standing. *United States v. Currency: $4,424.00 (U.S.),* 91-CV-1022, 1994 WL 568594 (N.D.N.Y. Sept. 30, 1994) (citing *Mercado v. United States Customs Services*, 873 F.2d 641, 644-45 (2d Cir. 1989).

"Generally, courts have held claimants to strict compliance with the provisions of Rule G(5)." *Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 3d at 823 (internal citations omitted). Supplemental Rule G(5) provides that:

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
> (A) identify the specific property claimed;
>
> (B) identify the claim and state the claimant's interest in the property;
>
> (C) be signed by the claimant under penalty of perjury; and
>
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Fed. R. Civ. P. Supp'l Admiralty & Maratime Claims Rule G(5).

As to an individual claiming ownership over specific property, the term "owner" is defined as, "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest." 18 U.S.C. § 983(d)(6)(A).

Courts have exhibited conflicting views on the amount of information necessary to satisfy the claim of ownership. *$39, 557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d at 339. The Southern District of Ohio has held that a claim of ownership is sufficient to state an interest in the property. *See United States v. Forty Thousand Dollors ($40,000.00) in U.S. Currency*, 763 F. Supp. 1423, 1426-27 (S.D. Ohio 1991) ("Nowhere in Supplemental Rule [G(5)] is there a requirement that the Claimant explain how or when his or her interest began. Those issues become important later in a forfeiture proceeding, but need not be included in the claim."). In contrast, the Fifth Circuit has held that "a bare assertion of ownership of the *res*, without more, is inadequate to prove an ownership interest sufficient to establish standing." *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1112 (5th Cir. 1992).

In this Circuit, the Court of Appeals has determined that, "a naked claim of possession … is not enough. There must be some indication that the claimant is in fact a possessor, not a simple, perhaps unknowing custodian, some indicia of reliability or substance to reduce the likelihood of a false or frivolous claim." *Mercado v. U.S. Customs Service*, 873 F.2d 641, 645 (2d Cir. 1989). Generally, a claim of ownership with supporting evidence is enough to establish standing. *United States v. Premises & Real Prop. With Bldgs., Appur. & Improv. at 191 Whitney Pl.*, 98-CV-0060 E, 2000 WL 1335748 (W.D.N.Y. Sept. 7, 2000) (citing *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1154, 1158 (2d Cir. 1994)). Additional evidence is not required to establish standing where the Government admits the claimant's relationship to the property in its complaint. *$38,570 U.S. Currency*, 950 F.2d at 1113.

Pursuant to Supplemental Rule G(8)(c)(i)(A), the Government may move to strike a claim, at any time before trial, for failing to comply with Rule G(5). Additionally, a motion to strike a claim "must be decided before any motion by the claimant to dismiss the action." Fed. R. Civ. P. Supp'l Admiralty & Maratime Claims Rule G(8)(c)(ii)(A).

***Motion to Dismiss***

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted). *See also*, ATSI *Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). "However, there is a narrow exception to this rule for factual assertions that are contradicted by the complaint itself, by documents upon which the pleadings rely, or by facts of which the court may take judicial notice." *Perry v. NYSARC, Inc.*, No. 10–5177–CV, 424 Fed. Appx. 23, 25, 2011 WL 2117950 at *2 (2d Cir. May 27, 2011). Furthermore, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678–79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

*Supplemental Rule G(2)*

In the action presently before the Court, the pleadings are controlled by Supplemental Rule G(2), which requires that a complaint:

(a) be verified;

(b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;

(c) describe the property with reasonable particularity;

(d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;

(e) identify the statute under which the forfeiture action is brought; and

(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. Supp'l Admiralty & Maratime Claims Rule G(2).

## ANALYSIS

*Motion to Strike Claim*

The Government argues that Brighton Trading has failed to comply with Supplemental Rule G(5), in as much it has failed to state its interest in the property. Brighton Trading's Claim merely states, "Claimant is the owner of the above listed property," while failing to provide any evidence in support thereof. Therefore, the Government argues that Brighton Trading has no standing to bring a claim against the forfeiture action, and moves to strike its claim pursuant to Supplemental Rule (G)(8)(c). In response, Brighton Trading argues that they need not provide additional evidence of ownership because the Government's complaint alleges that Brighton Trading has an interest in the property.

Supplemental Rule G(5) is silent as to what information is necessary. In fact, the rule requires only that the claimant and the claimant's interest in the property be identified. Moreover, the advisory committee notes make no mention of requiring additional evidence to support a claimant's interest in the property. Fed. R. Civ. P. Supp'l Admiralty & Maratime Claims Rule G advisory committee's note, subdiv. 5.

To the extent that Supplemental Rule G does not address the issue, the Court may turn to Supplemental Rule C. *See* Fed. R. Civ. P. Supp'l Admiralty & Maratime Claims Rule G(1) ("[t]o the extent that this rule does not address an issue, Supplemental Rule[] C . . . also appl[ies]."). Supplemental Rule C(6)(a)(ii) provides that "the statement of right or interest must describe the interest in the property that supports the person's demand for its restitution or right to defend the action." Again, both the Rule and the advisory committee's notes are silent as to how much information is necessary to describe a claimant's interest in the property. Had Congress intended for additional evidence of a claimant's interest in the property be provided, it could have provided for such a requirement in the rule. The lack of such a requirement cautions against imposing one on Brighton Trading.

The Court acknowledges that in the Second Circuit blanket assertions of ownership are insufficient to establish a claim, and that when the Government, as here, has provided notice through publication, there is, of course, a risk of false claims. Therefore, a bald assertion of ownership, without more, could result in the Court entertaining a claim by an individual with no standing whatsoever. *U.S. v. $39, 557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d 335, 339 (D.N.J. 2010) (citing *United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 665 (3d Cir. 2007)); *United States*

*v. $38,570 U.S. Currency*, 950 F.2d 1108, 1112-23 (5th Cir. 1992). However, the Court notes that such a risk is not present in this case.

Here, the Government has made allegations of Brighton Trading's interest in the property: (1) the investigation revealed Brighton Trading's involvement when it stored the merchandise in its warehouse located in Secaucus, New Jersey, before the merchandise was transported to the store front of D&K in New York, New York, Compl. ¶ 10; (2) both Brighton Trading and D&K are owned by the same individual, Bing H. Huang, Compl. ¶ 10; (3) the merchandise was seized from Brighton Trading, Compl. ¶ 29; and (4) the Government alleges in their complaint that Brighton Trading and Bing H. Huang may have an interest in the property, Compl. ¶ 39.

Although the Government argues that possession of the property at the time of seizure is of no importance when it comes to establishing ownership, it also alleges, on information and belief, that Brighton Trading and Bing H. Huang may have an interest in the property. Compl. ¶ 39. This allegation coupled with the silence of Rule G(5) in regard to what additional evidence, if any, is required, and the facts surrounding the investigation as alleged in the complaint, mitigate the likelihood that Brighton Trading's claim is false. Consequently, the Court finds that Brighton Trading's assertion of ownership, in combination with the facts alleged in the complaint, are sufficient to establish Article III and statutory standing to bring a claim against the forfeiture action.

***Motion to Dismiss***

In its motion to dismiss, Brighton Trading claims that the Government has failed to timely file a forfeiture complaint. Additionally, it claims that the Government has failed

to allege the property at issue, specifically the generic merchandise, is contraband subject to forfeiture.

Pursuant to CAFRA,

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

18 U.S.C.A. § 983(a)(3)(A). The parties dispute whether Brighton Trading filed a "claim" sufficient to trigger the 90-day statutory period for this forfeiture action.

Brighton Trading argues that it filed its claim on January 21, 2011, and that the Government did not file a complaint for forfeiture until nearly one year later on January 9, 2012. The Government responds that what Brighton Trading filed was a petition for remission with CBP, which is not a claim under Rule G(5), therefore, the time period in 18 U.S.C. § 983(a)(3)(A) is inapplicable.

The November 2010 notice to Brighton Trading from CBP informed the claimant that it could choose *either* to petition CBP for relief, or indicate a desire to have Customs begin appropriate forfeiture proceedings:

> If you decide to petition for relief, you must check the first box on the enclosed Election of Proceeding/Waiver form indicating that you wish this office to consider your petition administratively. Checking the second box indicates that you desire Customs to begin appropriate forfeiture proceedings. No matter which box you check, you must also sign and return the form.

Edward P. Nagle letter to Brighton Trading at 2, Nov. 2010, ECF No. 12-1. Mr. Erickson's letter to CBP on behalf of Brighton Trading stated, *inter alia*, "we request that Customs

-14-

remit all merchandise for entry and/or export under Customs supervision in compliance with existing policy, statutory and regulatory provisions, and as supported by the mitigation guidelines," and limit any monetary fine.[1] C.J. Erickson, Esq., letter to Rachael Yong Yow, Jan. 21, 2011, at 5. Nagle's response to Erickson specifically stated that CBP would, "hold your case in abeyance pending notification from the AUSA." Edward P. Nagle letter to C.J. Erickson, Jan. 28, 2011, at 1.

"A petition for remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief." *United States v. $86,496.00 in U.S. Currency*, CV-07-1693-PHX-DGC, 2000 WL 2039355 (D. Ariz. May 12, 2008) (holding that a petition filed "with the DEA does not constitute a valid claim for purposes of Rule G(5)."). In *Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy*, 538 F. Supp. 2d 162 (D.D.C. 2008), a district court faced with an argument similar the claimant's here held that:

> [a] petition for remission or mitigation of forfeiture is an entirely different creature. It is created by regulation, not law. An application for a petition requires more information than a claim. It is decided by a Ruling Official, not a judge, and only one administrative level of review is available. The grant of remission or mitigation is discretionary.
>
> Since all petitions require more information than the three pieces of information formally required for a claim, Plaintiffs' argument that their Petitions were also Claims, if accepted, would require seizing agencies to treat all petitions as claims and to refer all petitions for judicial forfeiture. That clearly was not the intent of Congress when it established the claims process.

*Malladi Drugs & Pharmaceuticals, Ltd.*, 538 F. Supp. 2d at 169–70.

---

[1] The exhibits do not include any copy of the form showing that Brighton Trading or Mr. Erickson checked one of the boxes.

Thus, because Brighton Trading filed a petition for administrative relief, the ninety days to file a complaint for forfeiture provided by 18 U.S.C. § 983(a)(3)(A) is inapplicable here. Brighton Trading also argues that Nagle's January 28, 2011, letter, discussed above, transformed its administrative claim into a valid Rule G(5) claim. *See* Edward P. Nagle letter to C.J. Erickson, Esq., Jan. 28, 2011, ECF No. 12-2 at 18. As did the District Court in the District of Columbia, this Court rejects this argument. Nagle's letter merely informed Brighton Trading's attorney of the acceptance of the case by the U.S. Attorney, and that CBP would hold the administrative petition in abeyance. It did not act to convert Brighton Trading's petition for administrative relief into a Rule G(5) claim and thereby trigger the time period of 18 U.S.C. § 983(a)(3)(A).[2] *See, e.g.*, *West Chevrolet, Inc. v. United States*, Civil No. WDQ-09-1454, 2009 WL 3488395, *3 (D. Md. Oct. 22, 2009) ("By filing the Petition, West Chevrolet agreed to have its interest in the car determined by the Secret Service-not the district court.").

Turning to the question of whether the seized items were contraband, subject to forfeiture, the claimant contends that,

> Brighton Trading, Inc.'s property consists of certain generic, unmarked handbags, wallets, briefcases, small purses and metal tags. Declaration of Stephanie A. Prince, Esq. Such items cannot be said to be intrinsically illegal, or contraband *per se*. In fact, nowhere in the complaint does the government even allege that the seized items are contraband.

---

[2]The Government further argues that the applicable test for a due process violation was formulated by the Supreme Court in *United States v. $8,500 in U.S. Currency*, 461 U.S. 555, 564 (1983) and that it applies here. Brighton Trading, however, is not making a due process argument, but is relying solely on its argument under 18 U.S.C. § 983(a)(3)(A). Claimant's Reply Mem. of Law in Supp't of Mot. to Dismiss at 3–4, Jun. 11, 2012, ECF No. 22. Consequently, the Court will not address the Government's due process argument.

Claimant's Mem. of Law in Supp't of Mot. to Dismiss at 4,[3] Apr. 23, 2012, ECF No. 14. The Government's response is that the generic property was used to facilitate the sale of counterfeit merchandise. Gov't's Mem. of Law in Opp'n to Claimant's Mot. to Dismiss at 17. The Complaint sufficiently alleges this. Compl. ¶¶ 33, 37. The Court determines that the factual recitation plausibly supports the Government's theory that the generic materials were imported for the purpose of easily converting them into counterfeit goods.

## CONCLUSION

The Court finds that Brighton Trading has made a sufficient claim to show standing under both the U.S. Constitution Article III and the forfeiture statute. Accordingly, the Government's motion to strike, ECF No. 19, is denied. Brighton Trading's motion to dismiss, ECF No. 11, is also denied. The Government's complaint is sufficient.

IT IS SO ORDERED.

Dated: November 1, 2012
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[3] Contrary to the requirement of W.D.N.Y. Loc. R. Civ. P. 10(a)(5), Brighton Trading's memorandum of law's pages are not numbered. The Court has used the numbering assigned by Acrobat's portable document format as found in the Court's Electronic Case Filing system.